Cite as 2022 Ark. App. 524

# ARKANSAS COURT OF APPEALS

**No.** CR–22–505

| | |
|---|---|
| | **Opinion Delivered** December 14, 2022 |
| LARRY WILSON CRAIN | |
| APPELLANT | MOTION TO PRESERVE ANONYMITY OF A MINOR PURSUANT TO ARK. SUP. CT. R. 6-3(a) |
| V. | |
| STATE OF ARKANSAS | |
| APPELLEE | DISSENTING OPINION ON MOTION TO SEAL RECORD |

## BRANDON J. HARRISON, Chief Judge

What we've got here is failure to communicate.

–The Captain to Cool Hand Luke and Crew

★ ★ ★

Today, on a slew of State motions seeking to protect the identity of minor children mentioned in circuit court proceedings, this court has sealed entire records in a dozen criminal appeals, including this one.[1] This court has not, however, ordered the parties to file a redacted record for public consumption. Nor has it ordered that redacted briefs be filed when it is time to do so. These are errors, so I respectfully dissent. I would grant the State's requests to seal all unredacted case

---

[1]The numbers for the other cases are: CR-22-99; CR-22-126; CR-22-278; CR-22-327; CR-22-341; CR-22-346; CR-22-392; CR-22-402; CR-22-458; CR-22-489; and CR-22-558.

materials. But recent rule changes, and Arkansas Supreme Court Administrative Order No. 19, plainly require (in this instance) that parties redact protected information or identities and file a redacted record (a word-searchable PDF file), which should be made publicly available. There should, in other words, be a sealed unredacted record and a public redacted record in this case. Given the majority's order, we are right back where we started months ago; except now we are violating Administrative Order No. 19 *and* amended rules of procedure.

Here is how we came, regrettably, to the same place, a second time, in the same term. Three months ago to the day, this court issued an opinion in this case that addressed whether and how to protect minor children's identities in criminal cases. *See Crain v. State*, 2022 Ark. App. 334, 651 S.W.3d 731 (per curiam) (*Crain I*). To summarize, after applying Administrative Order No. 19, we held:

> To be clear, two separate records are required when Order No. 19 applies. Both a redacted and unredacted record must be filed with our clerk's office. The unredacted record will be sealed or otherwise kept confidential. The redacted record will be available for the public's use. In this case, absent an agreement by the parties to waive any available protections, both an unredacted and redacted record must be filed with this court's clerk within 45 days from this opinion's date. Then a revised briefing schedule will issue. All briefing responsibilities are stayed while the case is on limited remand.

*Id.* at 5.

The State evidently did not approve of having to redact a name in a word–searchable electronic file, so it petitioned the supreme court for review. The

petition was granted October 6, and *Crain I*'s effect was stayed. On the same day review was granted, the supreme court amended two rules of appellate procedure on the minor-anonymity issue. *See In re Amendments to Rule 6-3 of the Rules of the Supreme Court and Court of Appeals*, 2022 Ark. 182 (per curiam) (*In re Rule Changes*).[2] Though the supreme court did not specifically address *Crain I* in an opinion, its rule changes speak well enough to me. The supreme court acted with dispatch; it had not given notice of a rule change or invited comment on a proposed draft. And it made the changes "effective immediately." *In re Rule Changes*, 2022 Ark. 182, at 1. That is meaningful.

Substantively, the amended rules implemented the sum and substance of this court's opinion in *Crain I*. In fact, the supreme court's only relevant departure from this court's opening salvo on the minor-anonymity issue, which had remanded these cases for redaction in the circuit courts, was to allow the parties to redact information protected by court rule or Administrative Order No. 19 from the appellate record without leave of any court.[3] The supreme court did not, however, disagree with the core of *Crain I*: we saw a need and met it, meaning based on the State's motion, we ordered an unredacted record, a redacted record, unredacted

---

[2]After review, the supreme court vacated the motion proceedings without comment in a docket entry and remanded the motions to this court. *See* Syllabus of Arkansas Supreme Court Proceedings (17 November 2022).

[3]The amended rule also requires that minors be referred to by pseudonyms less identifying than their initials. Ark. Sup. Ct. R. 6-3(b).

briefs, and redacted briefs. The supreme court's review of *Crain I* recognized that this court had simply followed Administrative Order No. 19's command. The supreme court amended some rules of procedure to prevent the need for an additional slew of motions to seal records in the future and, one supposes, to definitively communicate that Administrative Order No. 19's redaction *and public-access* provisions apply to appellate records in both appellate courts.

Those parallels are not surprising, because both courts were singing from the same fourteen-year-old hymnal at that time—Administrative Order No. 19. See *Crain I*, where we wrote (my emphasis):

> *This court's decision-making on "confidentiality" matters should not, absent the extraordinary, be made on a motion-by-motion basis—while using the blunt tool of sealing an entire record—a move that does not tend to meet our supreme court's stated policy. See, e.g.*, Comment to Section I., Ark. Sup. Ct. Admin. Order No. 19 ("This order starts from the presumption of open public access to court records. . . . This order recognizes that there are times when access to information may lead to, or increase the risk of, harm to individuals. However, given the societal interests in access to court records, this order also reflects the view that any restriction to access must be implemented in a manner tailored to serve the interests in open access.").

2022 Ark. App. 334, at 2, 651 S.W.3d at 732.

Today, however, this court permits sealing all records and proceedings. Yet the case for not doing so, which persuaded us in September, has only grown stronger. In my view, the supreme court's October 6 per curiam cannot support a decision to grant these motions and allow the parties to proceed on a wholly sealed

4

record.  Start with the supreme court's references to Administrative Order No. 19, which requires public access to those proceedings.  *See In re Rule Changes*, 2022 Ark. 182.  Then there is the statement that the supreme court's purposes included "dispelling the need for case-by-case court review of these issues[,]" and its instruction that parties who wished to protect confidential information "shall redact and file a copy of the appellate record that will be available to the public, and upon the filing of a redacted record, the clerk shall keep the original record under seal." *Id.* at 1.

If the supreme court's words sound familiar, it is because, for a brief time anyway, the two appellate courts were aligned on the procedure required when a party wants to protect records that are not categorically deemed confidential by statute or rule:  File an unredacted record that will be sealed.  File a redacted record that will not be sealed.  *See, e.g.*,  Ark. Sup. Ct. R. 4-1.

Finally, there are the rule changes themselves, which prevent granting the blanket relief the State has requested.  The State's motions are undifferentiated requests to treat criminal appeals that involve a minor victim like proceedings in adoption or juvenile-division cases; the latter are sealed under Ark. Sup, Ct. R. 6-3(a).  But the supreme court did not amend Rule 6-3(a) to include criminal cases (by category) in its comprehensively revised rule.  So the supreme court rejected the relief the State sought three months ago (and now) when it chose not to add

criminal appeals with minor victims to Rule 6–3(a). Further, the only merit in the State's requests for relief of *any* kind was the possibility of public access to identifying information about a minor. Yet amended Rule 6–3(b) formally protects that information. It also specifies the procedure for implementing that protection in *all* cases. The procedure is not to seal an entire record or all proceedings, as the court does here. So again, the supreme court rejected the State's requested remedy for the minor-anonymity interest it relies on. Last, consider amended Rule 6–3(c), which allows motion practice to protect confidentiality in "any other case", seemingly meaning a case where the confidential fact to be protected is not a minor's identity. But any motion under that provision "shall be accompanied by a redacted copy of the record or other filing that will be available to the public." Ark. Sup. Ct. R. 6–3(c). Obviously, that is not what the State proposes.

The State's motions rely on a need to protect minor-identity information that has been protected from public disclosure, effective October 6, by Rule 6–3(b). The same rule limits the remedy to redaction. The supreme court does not, contrary to my colleagues' ruling today, allow for the blanket sealing of a record in an ordinary criminal case with a minor victim when no redacted record will be publicly available.[4] Of course, redacted briefs are also required when there is a

---

[4]Ark. Sup. Ct. R. 4–1(f)(2) allows filing unredacted briefs, with no redacted briefs, in cases where the entire record is sealed "pursuant to statute, court rule, court order, or court practice[,]" However, these appeals were in none of those categories, and the supreme court rejected the State's request to add them.

6

redacted record. Ark. Sup. Ct. R. 4-1(f) (citing Ark. Sup. Ct. Admin. Order No. 19).

★ ★ ★

The State's motions should be granted in part and denied in part in a manner consistent with Administrative Order No. 19 and the supreme court's current rules. Therefore, I respectfully dissent from the granting of the State's motions (listed in footnote 1 of this opinion) outright and the decision to seal the entire records without also calling for redacted records and redacted briefs. Enough resources have been spent on a simple matter that has been made complex because the State did not want to follow Administrative Order No. 19 in the first place and change a legal name to a pseudonym.

VIRDEN, KLAPPENBACH, BARRETT, and HIXSON, JJ., join.